FILED
AUG 23 2005
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Criminal No. 05-277 (TFH) |
| : | |
| QUINTEN MONROE RANDOLPH, : | |
| : | Plea Hearing Date: August 23, 2005 |
| Defendant. : | |

SEALED

## GOVERNMENT'S PROFFER OF EVIDENCE

Defendant Randolph, agrees to admit his guilt and enter a plea of guilty to Count One of his Information which charges him with, Conspiracy to Distribute and Unlawful Possession With Intent to Distribute Fifty Grams or More of Cocaine Base, also known as "Crack," in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Defendant Randolph understands that pursuant to 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(A), that Count One of his Indictment carries a penalty of a term of imprisonment of not less than 10 years or more than life, a fine of not more than $4,000,000.00, or both, including a period of supervised release for 5 years. In addition, defendant Randolph agrees to pay a special assessment of $100.00 for his felony conviction to the Clerk of Court of the United States District Court for the District of Columbia prior to the date of sentencing or as directed by a Judge of the District Court. Defendant Randolph further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine Defendant Randolph's guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

Defendant Randolph agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, Defendant Randolph is accountable for a total of 150 grams of cocaine base, also known as "Crack," which quantity represents the total amount involved in Defendant Randolph's relevant criminal conduct, including amounts Defendant Randolph distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of Defendant Randolph, pursuant to jointly undertaken criminal activity that was reasonably foreseeable by Defendant Randolph and within the scope of Defendant Randolph's conspiratorial agreement. However, Defendant Randolph must understand that should he be determined to be a "Career Offender," then his guideline range may be substantially higher.

### *Elements of the Offense*

#### Conspiracy Count One

The essential elements of the offense of Conspiracy to distribute and possess with intent to distribute, in violation of 21 United States Code, § 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute;

(2) that the Defendant intentionally joined in that illegal agreement.

See *United States v. Lam Kwong Wah*, 924 F.2d 298, 302-303 (D.C. Cir. 1991); *United States v. Pumphrey*, 831 F.2d 307, 308-309, 265 U.S. App. D.C. 306, 307-308 (D.C. Cir. 1987). These cases hold that the offense of violating 21 U.S.C. § 846 by conspiring to violate federal narcotics laws does not include an element of commission of an overt act in furtherance of the conspiracy. The law makes cocaine base, also known as "Crack" a controlled substances.

## Possession With Intent To Distribute

### Alternative B -- 21 U.S.C. § 841(a)(1)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant possessed a controlled substance;

2. That the Defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the Defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person. The law makes Cocaine Base, also known as "Crack" a controlled substances.

## Distribution of Controlled Substances

### Alternative B - 21 U.S.C. § 841(a)(1)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the Defendant received or expected to receive anything of value in return.

2. That the Defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. The law makes Cocaine Base, also known as "Crack" a controlled substances.

## Statement of Fact

Defendant Quinten Randolph, and several associates, both known and unknown, to the United States, have conspired to distribute and possess with intent to distribute cocaine base, also known as "Crack," in violation of Title 21 United States Code §§ 841(a)(1) and 846. These distributions all occurred within the District of Columbia. The substances seized and distributed during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be cocaine base aka Crack.

On May 7, 2004, at approximately 5:30 p.m., Defendant Randolph and an undercover police officer met at the location of the 1200 Block Mount Olivet Road, Northeast, Washington, D.C.. Soon thereafter, Defendant Randolph distributed approximately 23 grams of cocaine base aka crack to the undercover officer in exchange for $1,200.00 in U.S. currency.

On May 24, 2005, at approximately 5:00 p.m., Defendant Randolph and an undercover police officer met at the area of Georgia Avenue and Randolph Place, Northwest, Washington, D.C.. Soon thereafter, Defendant Randolph distributed approximately 29 grams of cocaine base aka crack to the undercover officer in exchange for $1,200.00, in U.S. currency.

On June 3, 2005, at approximately 7:00 p.m., Defendant Randolph and an undercover police officer met at the location of the 3rd Street and Florida Avenue, Northeast, Washington, D.C.. Soon thereafter, Defendant Randolph distributed approximately 110 grams of cocaine base aka crack in exchange for $1,800.00, in U.S. currency.

Later, on June 3, 2005, at approximately 8:00 p.m., the police executed a judicially authorized search warrant at Defendant Randolph's home in Washington, D.C. The police recover a number of items to include $5,000.00, in U.S. currency, 23 grams of marijuana, a plate containing cocaine base, implements of crime which contained cocaine base residue, .45 caliber ammunition, a black gun holster, and a burnt marijuana cigarette.

During the course of this conspiracy, Defendant Randolph's source of the cocaine base aka crack, an unknown man and a woman, would meet him at the location of District of Columbia, Jones-Haywood School of Ballet, 1200 Delafield Place, Northwest, Washington, D.C., where they would provide Defendant Randolph the cocaine base aka crack for distribution.

## Defendant Quinten Monroe Randolph's Acceptance

I have read this factual proffer summary and have discussed it with my attorney, John Jeffress, Esquire. I fully understand this proffer and agree that it is an accurate summary of the fact of my case and I agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this factual proffer summary.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement. I am satisfied with the legal services provided by my attorney in connection with my plea agreement and matters related to it.

Date: 8/23/05          _____
                        Defendant Quinten Monroe Randolph

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the fourteen pages constituting this factual proffer summary. I have reviewed them with my client, and discussed the provisions of the summary and the plea agreement with my client, fully. These pages accurately sets forth the summary of facts in my client's case.

Date: 8-23-05          _____
                        John Jeffress, Esquire
                        Attorney for the Defendant Quinten Monroe Randolph

WHEREFORE, it is respectfully requested that this pleading be made part of the record.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 246-470

By: _____
MARTIN DEE CARPENTER
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 18th day of August, 2005, to counsel for Defendant Randolph, John Jeffress, Esquire, by first class mail, postage prepaid, and by facsimile to (202) 208-7515, Suite No. 550, 625 Indiana Avenue, Northwest, D.C. 20004, Office No. (202) 208-7500.

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4828
Washington, D.C. 20530
(202) 514-7063